# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA, and** ) <br> **PEOPLE OF THE VIRGIN ISLANDS**, ) <br>         Plaintiffs, ) <br>          ) <br>         v. ) <br>          ) <br> **RUSIEL "ROMEO" ENCARNACION,** ) <br> **FRANCISCO "CISCO" HASSELL, III, and** ) <br> **EDWIN HENDRICKSON, JR.,** ) <br>         Defendants. ) <br> _____ ) | Criminal Action No. 2013-005 |

**ATTORNEYS:**[1]

**Alphonso A. Andrews, AUSA**
**Rhonda Williams-Henry, AUSA**
United States Attorney's Office
St. Croix, U.S. Virgin Islands
       *For the United States of America*

**Emile A. Henderson, III, Esq.**
Law Office of Ross-Edwards and Henderson, LLP
St. Croix, U.S. Virgin Islands
       *For Defendant Hassell*

**Martial A. Webster, Esq.**
Law Offices of Martial A. Webster, Sr.
St. Croix, U.S. Virgin Islands
       *For Defendant Hendrickson*

**Gabriel Villegas, Esq., AFPD**
Federal Public Defender Office
St. Thomas, U.S. Virgin Islands
       *For Defendant Encarnacion.*

---

[1] At the March 21, 2013 hearing on Defendants' appeals, Alphonso G. Andrews, Jr., Esq., AUSA, represented the United States of America (the "Government"); Emile A. Henderson, III, Esq., appeared on behalf of Defendant Francisco Hassell, III; and, Martial A. Webster, Sr., Esq., appeared on behalf of Defendant Edwin Hendrickson, Jr. Defendants Hassell and Hendrickson were also present. Defendant Encarnacion did not appeal the March 1, 2013 Order of Detention.

# MEMORANDUM OPINION

**FINCH, Senior Judge**

This matter comes before the Court on Defendants Francisco Hassell ("Hassell") and Edwin Hendrickson's ("Hendrickson") (collectively, the "Defendants") appeals of U.S. Magistrate Judge George W. Cannon's (the "Magistrate") March 1, 2013 Order of Detention. For the reasons set forth below, in the Magistrate's Order of Detention, and at the March 21, 2013 hearing, the Court will deny Defendants' appeals.

Hassell's seeks *de novo* review and reversal of the Magistrate's Order of Detention, and requests that the Court set appropriate conditions of release. Hassell also seeks a determination on the legality of the United States Government's practice of filing identical local charges in this Court which are already filed and pending in the Superior Court of the Virgin Islands ("Superior Court"). Hendrickson seeks an order releasing him on his personal recognizance, an unsecured appearance bond, release on conditions, or placement on house arrest pending disposition of this matter.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

At approximately 1:00 A.M. on January 13, 2013, two individuals were robbed at gunpoint in the vicinity of the Cool Out Bar (the "Bar") in Estate Peters Rest, St. Croix, United States Virgin Islands. The victims claim that they were outside the Bar when three unmasked black males, each armed with a handgun and dressed in black, approached them and robbed them

---

[2] The facts in support of detention are based on the record established at the detention hearing, the filings before the Court, the affidavit of probable cause by Federal Bureau of Investigation ("FBI") Special Agent Thomas Calhoon, and the affidavit Virgin Islands Police Department ("VIPD") Detective Antonette Sargeant. The facts presented herein are alleged; they are not conceded or proven beyond a reasonable doubt to the factfinder. Thus, this factual recitation is solely for the purpose of this pretrial motion, and the Court is mindful that Defendants are presumed innocent until proven guilty.

of personal property. Two of the individuals recognized Defendant Rusiel Encarnacion ("Encarnacion"), known by his nickname, "Romeo." The victims reported that the three males left the bar in a heavily tinted silver Toyota Corolla with a chrome gas tank cover.

Approximately 45 minutes later, at about 1:45 A.M., two individuals were robbed at gunpoint on Hospital Street, Christiansted, St. Croix, United States Virgin Islands. The victims were walking down Hospital Street when a silver Toyota Corolla passed them and parked further down the street. The victims reported that two black males exited the vehicle and approached them with their faces covered. One of the suspects pointed a handgun at the victims, while the other one took their personal property.

Shortly after the second robbery, at about 1:50 A.M. the victims of the first robbery in the vicinity of the Bar were at the Marshall Command Police Station (the "Station") and observed the silver Toyota Corolla passing the Station. Those victims notified the police. A police officer saw the vehicle several minutes later in the vicinity of Sunny Isles and followed it. The officer noted the chrome gas tank cover and radioed that he was going to conduct a traffic stop of the vehicle. The traffic stop occurred in the vicinity of the La Reine Service Station, St. Croix, United States Virgin Islands.

During the traffic stop, the police officers detected a strong odor of marijuana emanating from the vehicle. The officers requested permission to search the vehicle, and the driver, Hassell, consented to the search. Encarnacion was seated in the passenger seat. Hendrickson was seated in the rear seat, directly behind Encarnacion. The search revealed three loaded handguns, one found inside the door panel where each Defendant was seated, loaded firearm magazines, approximately 100 grams of marijuana, a face mask, and stolen property from the victims of both robberies.

The victims of the Hospital Street robbery identified Encarnacion and Hendrickson during a "show-up." Subsequent to the robberies, one of the victims of the Bar robbery identified all three Defendants as the robbers after their photos appeared in a local newspaper.

Hassell presented his wife, Coanne Hassell, to testify generally about her knowledge of her husband and his lack of danger to the community. Hassell also presented his grandmother, Rafela Hassell, who resides at 28 Estate Whim, St. Croix as a proposed third-party custodian. Ms. Hassell testified that she had been appointed as Hassell's third-party custodian by the Superior Court of the Virgin Islands; that she understands the duties and responsibilities of a third-party custodian; and is willing to undertake those duties and responsibilities.

Hendrickson presented his mother, Janice Hansen of 9 Williams Delight, St. Croix, as a proposed third-party custodian. Ms. Hansen resides at said address with said Hendrickson, an 18-year-old son, and a three-year-old grandson. Ms. Hansen testified that she is willing to post property located at 43 Prince Street, Frederiksted, valued at $39,500, as well as $7,000 cash, as security for said Defendant's release. Ms. Hansen stated that she understood the duties and responsibilities of a third-party custodian and was willing to undertake those duties and responsibilities.

## II.   DISCUSSION

The Bail Reform Act, 18 U.S.C. §§ 3141–3156, provides for District Court review of a magistrate judge's detention order. *See* 18 U.S.C. § 3145(b)(c). Under the Bail Reform Act, release of a criminal defendant pending trial will be ordered only if, after a hearing upon motion by the Government, "a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In making its determination of whether any

conditions of release can reasonably assure a defendant's appearance and the safety of others, the Court must consider the factors set forth in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). "To justify pretrial detention, the [G]overnment must establish risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence." *United States v. Wrensford,* Crim. No. 2012-012, 2012 WL 6028628, at *3 (D.V.I. Dec. 4, 2012); *United States v. Kanawati,* Mag. No. 2008-007, 2008 WL 1969964, at *2 (D.V.I. May 5, 2008) (citing, *e.g., United States v. Himler,* 797 F.2d 156, 160–61 (3d Cir. 1986) and *United States v. Traitz,* 807 F.2d 322, 324 (3d Cir. 1986)).[3]

---

[3] As noted in *Wrensford*, 2012 WL 6028628, at *3 n.2, several cases in this district have held that "[r]isk of flight and danger to the community are 'distinct statutory sources of authority to detain,' and proof of one ground for detaining a defendant 'is quite enough,' making any discussion of the other ground 'irrelevant.'" *Kanawati,* 2008 WL 1969964, at *2 (quoting *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir.1985)); *accord United States v. Richardson,* CR. No. 2009-023, 2009 WL 2044616, at *3 (D.V.I. July 9, 2009); *United States v. Peterson,* CR. No. 2008-022, 2009 WL 1514402, at *3 (D.V.I. May 29, 2009); *United States v. Tyson,* CR. No. 2008-043, 2008 WL 4415298, at *2 (D.V.I. Sept. 23, 2008); *United States v. Alexander,* CR. No. 2007-031, 2007 WL 3391417, at *2 (D.V.I. Oct. 26, 2007); *see also United States v. King,* 849 F.2d 485, 488 (11th Cir.1988); *United States v. Fortna,*

In the case *sub judice*, the Court reviews the Magistrate's detention order *de novo*. *See United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir. 1985) (determining that 18 U.S.C. § 3145(b) contemplates a *de novo* review by the district court of the issues raised on an appeal of a magistrate judge's detention order). Nevertheless, the reasons articulated by the magistrate judge for or against detention must be given "respectful consideration." *United States v. Suppa,* 799 F.2d 115, 120 (3d Cir. 1986) (quoting *Delker,* 799 F.2d at 1400). The district court may make its independent determination based solely on the evidence introduced at the hearing before the magistrate judge. *Delker,* 757 F.2d at 1395. Alternatively, the reviewing court has the discretion to conduct an evidentiary hearing to aid in its *de novo* review, although it is not required to do so. *Kanawati,* 2008 WL 1969964, at *2 (citing cases).

Here, none of the Defendants are licensed to possess a firearm in the United States Virgin Islands. The Defendants have criminal records. Hassell has been convicted of assault and battery/domestic violence. Hendrickson has been arrested and charged with possession of a controlled substance. Defendants are now charged, among other counts, with possessing a firearm in a school zone, in violation of 18 U.S.C. § 922(q)(2)(A) and 924(a)(1)(B), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Indeed, the Magistrate's findings of fact, with two exceptions noted below, are found to be accurate, and the conclusions of law are well-founded. The first exception is taken to the Magistrate's finding on page two (2) of the Order of Detention, that the victims "heard a gunshot." While it appears that the victims heard a sound, there was no indication in the record

---

769 F.2d 243, 249 (5th Cir.1985); *United States v. Cole,* 715 F.Supp. 677, 679–80 (E.D.Pa. 1988); *United States v. Kouyoumdjian,* 601 F.Supp. 1506, 1508–10 (C.D.Cal.1985).

that a firearm was discharged at the Bar. The second exception is to the finding on page three (3) of the Order of Detention, that the victims reported that the three males left the Bar in a car "bearing a Virgin Islands license plate number CEI-244[.]" Again, the record does not support the Magistrate's finding as to the license plate number.

Thus, in determining whether there are conditions of release that will reasonably assure the appearance of Defendants and the safety of the community, the Court finds that: (1) Defendants have demonstrated ties to this jurisdiction and have proposed willing third-party custodians, 18 U.S.C. 3142(g)(3)(A); (2) the nature and seriousness of the charges, particularly the firearms charges, weigh heavily against release, 18 U.S.C. 3142(g)(1); (3) the weight of evidence against Defendants is strong, 18 U.S.C. 3142(g)(2); and (4) no conditions of release exist that, at this time, would reasonably ensure the safety of the community if Defendants were released, 18 U.S.C. 3142(g)(4). Thus, having considered this matter *de novo*, the Court affirms the Magistrate's Order of Detention.

### III.   CONCLUSION

For the reasons stated herein, the Court finds that the Government has made the requisite showing to support the Magistrate's finding that Defendants should be detained pending trial due to the nature of the charges, strong evidence against the Defendants, and lack of conditions that would reasonably ensure the safety of the community. Moreover, the Court finds that the Government has demonstrated that "no condition or combination of conditions will reasonably assure the appearance" of Defendants. *See* 18 U.S.C. § 3142(e)(1). Accordingly, the Court will deny Defendants' appeals and affirm the March 1, 3013 Order of Detention.

**DATED**: March 26, 2013                **E N T E R:**


/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH
SENIOR DISTRICT JUDGE**